R. Joseph Trojan, CA Bar No. 137,067
trojan@trojanlawoffices.com
Dylan C. Dang, CA Bar No. 223,455
dang@trojanlawoffices.com
Alexander D. Mazzeo, CA Bar No. 360,429
mazzeo@trojanlawoffices.com
TROJAN LAW OFFICES, P.C.
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone: (310) 777-8399
Facsimile: (310) 777-8348

Attorneys for Plaintiff
*Coshima USA Import, Inc., d/b/a Creative Ideas*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Coshima USA Import, Inc., d/b/a Creative Ideas, a California Corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>E&E Silk Craft Inc., a California Corporation, Van Long Silk & Crafts, LLC, a California Limited Liability Company, Quoc Banh, AKA Ken Banh, an Individual, Loan Banh, an Individual, and Juan Gonzalez, d/b/a Trim In The Box Merceria, an Individual<br><br>　　　　　Defendants. | Case No. 2:25-cv-11352<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

TROJAN LAW OFFICES
BEVERLY HILLS

Plaintiff COSHIMA USA IMPORT, INC. d/b/a CREATIVE IDEAS ("Plaintiff" or "Coshima"), by and through its undersigned counsel, hereby complains and alleges against Defendants VAN LONG SILK & CRAFTS LLC. ("Van Long"), QUOC BANH (AKA "Ken Banh"), E&E SILK CRAFT INC. ("E&E"), LOAN BANH, and JUAN GONZALEZ  d/b/a TRIM IN THE BOX MERCERIA ("Trim" or "Trim In The Box") (collectively "Defendants"), as follows:

## I.  NATURE OF THE CASE

1.      This is a civil action for copyright infringement arising under 17 U.S.C. § 101 *et seq*.

## II. THE PARTIES

2.      Plaintiff Coshima USA Import, Inc. is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 16622 East Johnson Drive City of Industry, CA 91745.

3.      Upon information and belief, Defendant Van Long Silk & Crafts LLC ("Van Long") is a California Limited Liability Company which has its principal place of business at 800 Monterey Pass Rd, Monterey park, CA 91754 and also conducts business at 335 East 4th Street, Los Angeles, CA 90013.

4.      Upon Information and belief, Defendant Quoc Banh (AKA "Ken Banh") is an owner, manager, officer, or agent of Defendant Van Long who conducts the business of Van Long at 800 Monterey Pass Rd, Monterey Park, CA 91754 and at 335 East 4th Street, Los Angeles, CA 90013

5.      Upon information and belief, Defendant E&E Silk Craft Inc. ("E&E") is a California Corporation which has its principal place of business at 645 South Los Angeles Street, Los Angeles, CA 90014.

6.      Upon information and belief, Defendant Loan Banh is the Chief Executive Officer, Chief Financial Officer, and Secretary of Defendant E&E. Upon information and belief, Loan Banh conducts the business of E&E at 645 South Los Angeles Street, Los Angeles, CA 90014.

7.      Upon information and belief, Defendant Juan Gonzalez is an individual citizen and resident of California doing business in Los Angeles County under the registered fictitious business name "Trim In The Box Merceria" ("Trim" or "Trim In The Box"). Upon information and belief, Defendant Juan Gonzalez conducts the business of Trim In The Box Merceria at 820 Maple Street, Unit 7, Los Angeles, CA 90014.

### III.   JURISDICTION AND VENUE

8.      This Court has federal question jurisdiction under 28 U.S.C. §1331 and §1338(a) over over Plaintiff's copyright infringement claims arising under the and Copyright Act 17 U.S.C. § 101 *et seq*.

9.      Plaintiff is informed and believes, and on that basis alleges, this Court has personal jurisdiction over Defendants because they reside within, and/or conduct business within, this judicial district; Defendants have caused their services to be advertised, promoted, and sold in this judicial district; and the causes of action

TROJAN LAW OFFICES
BEVERLY HILLS

asserted in this Complaint arise out of Defendants' contacts with this judicial district.

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because the acts complained of herein have been, and are being committed, in this judicial district and it is a judicial district where Defendants each had a had a regular and established place of business

## IV.  FACTUAL BACKGROUND

### a.  Plaintiff's Copyrighted Graduation-Themed Ribbons

11.     Plaintiff Coshima is a longstanding business in the ribbons and craft industry and has developed original decorative ribbon designs, including a line of graduation-themed printed ribbons which are the subject of this action (referred to herein as the "Graduation-Themed Ribbons" or Plaintiff's "Protected Designs"). Specifically, there is (1) Plaintiff's "Class of" Ribbon, (2) Plaintiff's "I Graduated" Ribbon, and (3) Plaintiff's Repeating Cap Ribbon each of which is included in the '108 Registration and depicted in the table below.

///

///

///

///

///

///

///

| Plaintiff's "Class of" Ribbon | Plaintiff's "I Graduated" Ribbon | Plaintiff's Repeating Cap Ribbon |
|---|---|---|
|  |  |  |

12.    Plaintiff's "Class of" Ribbon consists of a repeating graphic motif featuring the phrase "CLASS OF 2023" in a bold, block typeface. The words "CLASS" and "OF" are stacked vertically in white lettering and situated above the left of the numerals "2023," which are rendered in a larger gold font. Below the words

TROJAN LAW OFFICES
BEVERLY HILLS

sits a rolled diploma scroll in white with a gold ribbon or seal tied around the center. Above the words is a is a stylized line drawing of a graduation cap viewed from above, outlined in white with a gold tassel draping downward. Surrounding the graduation cap illustration is a scattering of festive confetti-style graphics, including gold squiggly streamers, white five-point stars, white cross-shaped sparkles, solid circles/dots, and asterisk-shaped bursts.

13.    Plaintiff's "I Graduated" Ribbon consists of a repeating horizontal pattern featuring the phrase "I Graduated!" in a bold, stylized, rounded stylized typeface, a silhouetted of a graduation cap tilted to the right, with a tassel draping downward, and a cluster of confetti-style shapes, including: five-point stars, wavy "streamer" lines, and plus signs. Plaintiff's original "I Graduated" Ribbon is manufactured and sold exclusively in a 7/8-inch width with a white base and black graphic design.

14.    Plaintiff's Repeating Cap Ribbon consists of a repeating horizontal pattern featuring solid silhouettes of a graduation cap and tassel viewed from various angles. Interspersed between and around the graduation caps is a variety of floating, confetti-style shapes, including: five-point stars, outlined diamond shapes, solid, wavy "streamer" lines, small plus signs, solid circles/dots, and asterisk-shaped bursts.

15.    Plaintiff's Graduation-Themed Ribbons are protected by United States Copyright Registration Number VAu1-486-108, (the '108 Registration) with an effective date of October 17, 2022. Attached hereto, as Exhibit "A", is a true and

correct copy of the '108 registration.

16.    At all times relevant hereto, Plaintiff has been and still is the holder of the exclusive rights under the Copyright Act of 1976 (17 U.S.C. §§ 101 *et. seq.*, and all amendments thereto) (the "Copyright Act") to reproduce, distribute, sell, or create derivative works from, its Graduation-Themed Ribbons listed in the '108 Registration, throughout the United States.

17.    Plaintiff's Graduation-Themed Ribbons have been a successful product, with customers perennially purchasing these printed ribbons for graduation season celebrations. The popularity of these specific designs also drives sales of Plaintiff's other related products. In Plaintiff's business, its graduation-themed ribbons act as "anchor" products, i.e., when customers are drawn in by and purchase the new graduation-themed ribbons, they often also purchase complementary items like solid-color ribbons and other décor from Plaintiff. Thus, the value of Plaintiff's graduation-themed ribbon designs lies not only in the direct sales of those ribbons, but also in the boosted sales of additional inventory that accompany them. Plaintiff's overall sales volume benefit significantly from its protected graduation ribbon designs.

**b.  Defendants' Unauthorized Copying of Plaintiff's Protected Designs**

18.    Upon information and belief, Defendants have sold and continue to sell, without authorization, products that infringe Plaintiff's '108 Registration and Plaintiff's protected Graduation-Themed Ribbon designs (the "Infringing Products").

**i.  Substantial Similarity: Defendants' Products Are Virtually**

TROJAN LAW OFFICES
BEVERLY HILLS

**Identical to Plaintiff's Copyrighted Works**

19.    Defendants' Infringing Products (depicted below) are virtually identical in appearance to Plaintiff's genuine Graduation-Themed Ribbons.





TROJAN LAW OFFICES
BEVERLY HILLS

-7-



20.    Defendants' Infringing Products bear substantially similar phrases in a substantially similar stylized font and layout and incorporate identical or substantially similar graphic elements in identical or substantially similar arrangements, including identical celebratory graduation cap illustrations with identical confetti-style shapes arranged in an identical layout.

21.    Any slight differences such as changing the year numerals from "Class of 2023" to "Class of 2025" are are minor and non-substantive and, at most, render the infringing products unauthorized derivative works which are still substantially similar and infringing on Plaintiff's protected designs.

**ii.  Access: Defendants Had Direct Access to and Knowledge of Plaintiff's Protected Designs**

22.    The fact that the core expression of Plaintiff and Defendants' ribbons is nearly identical and strikingly similar obviates the need to establish access, as such

TROJAN LAW OFFICES
BEVERLY HILLS

is inferred. *See Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2000) (citing *Smith v. Jackson*, 84 F.3d 1213, 1220 (9th Cir. 1996). Notwithstanding, as detailed more fully below, each Defendant was a prior customer of Plaintiff and as such had access and opportunity to view and copy Plaintiff's designs.

### c. Defendants' Infringing Acts

23.    On information and belief, Defendants have engaged in widespread, unauthorized reproduction, importation, distribution, and sale of the infringing ribbon products above that copy and infringe Plaintiff's copyrighted Graduation-Themed Ribbons protected under the '108 Registration. Without license or permission from Plaintiff, Defendants have manufactured or procured infringing ribbon products bearing substantially similar—indeed, virtually identical—graphic designs, stylized text, color schemes, and decorative elements as Plaintiff's protected works. Defendants have offered these infringing products for sale through their respective retail locations, wholesale catalogs, and online platforms, selling them to customers throughout California and beyond often at prices substantially below Plaintiff's legitimate products.

24.    Additionally, while Plaintiff's original "I Graduated" Ribbon is offered only in a single specification—7/8-inch width with white base and black graphic—Defendants manufactured and offered for sale unauthorized reproductions in multiple widths (3/8-inch, 7/8-inch, and 1 1/2-inch) and in inverse color schemes (both white base with black graphic and black base with white graphic). Similarly, while

TROJAN LAW OFFICES
BEVERLY HILLS

Plaintiff's original "Class of" Ribbon is offered only in 1 1/2-inch width, Defendants manufactured and offered unauthorized reproductions in both 7/8-inch and 1 1/2-inch widths. This expanded product line of infringing variations demonstrates that Defendants found it sufficiently profitable to invest in producing multiple unauthorized versions of Plaintiff's copyrighted design, thereby maximizing their market penetration and unlawful profits

25.    None of the Defendants has ever been authorized or licensed by Plaintiff to reproduce, distribute, or sell Plaintiff's ribbon designs or any derivatives thereof.

26.    In early 2025, Plaintiff conducted a series of undercover investigations to document Defendants' infringing activities.

27.    Private investigators visited each Defendant's place of business and carried out purchases of the suspected infringing ribbons. These investigations yielded direct evidence that each Defendant was involved in selling products that copy Plaintiff's protected designs and infringe the '108 Registration.

**i.  Van Long**

28.    On or about April 2, 2025, an investigator retained by Plaintiff contacted Van Long Silk & Crafts by telephone to investigate whether Van Long was selling ribbons copying Plaintiff's protected Graduation-Themed Ribbon designs. Attached hereto as **Exhibit "B"** are the investigator's findings and photographs from this investigation documenting Defendant Van Long's infringement.

29.    The investigator spoke with a man identifying himself as "Ken." Ken

TROJAN LAW OFFICES
BEVERLY HILLS

(who on information and belief is Defendant Quoc Banh) provided a link to Van Long's updated business catalog at https://online.fliphtml5.com/zamry/bvgi/, which included graduation-themed ribbons in various widths on page 159 of the catalog. Attached hereto as **Exhibit "C"** are a true and correct screenshot of this online catalogue.

30.    Van Long's graduation-themed ribbons infringe Plaintiff's protected designs and the '108 Registration. In particular, these ribbons contain identical graduation cap designs arranged with stylized text in a substantially similar repeating layout nearly identical to Plaintiff's "I Graduated" Ribbon.

31.    On or about April 8, 2025, The investigator proceeded to place a wholesale order from Van Long for various ribbon products, including the infringing graduation-themed ribbons which were sold at wholesale unit prices far below Plaintiff's market price.

32.    The investigator received Invoice #8385 from Van Long documenting the sale, and the infringing goods were shipped via FedEx to the investigator's address and delivered on or about April 14, 2025. The return label on the shipment identified "Ken Banh – Van Long Silk Flowers" at 335 E 4th St. Los Angeles, CA 90013 Los Angeles address as the sender. (*See* **Exhibit "C"**).

33.    On or about April 17, 2025, a second investigator visited Van Long's physical warehouse location at 800 Monterey Pass Road, Monterey Park, CA 91754.

34.    Attached hereto as **Exhibit "D"** are the investigator's findings and

-11-

TROJAN LAW OFFICES
BEVERLY HILLS

photographs from this second investigation documenting Defendant Van Long's infringement.

35.    The investigator inquired in-person about purchasing the infringing graduation ribbon designs. A Van Long employee stated that only a few of the items were on-hand at that storefront, but larger quantities could be ordered from an off-site warehouse. The employee proceeded to retrieve some available stock from the back and showed the investigator several rolls of the infringing graduation ribbon merchandise. (*See* **Exhibit "D"**).

36.    Plaintiff's investigator purchased approximately $70.00 worth of these infringing ribbon rolls from Van Long at that time, for which Van Long provided an itemized sales order (No. 8513) confirming the transaction. (*See* **Exhibit "D"**). The infringing merchandise purchased in this transaction bore matching product codes to those listed on the earlier sales order No. 8385 and on Van Long's online catalogue. (*See Id.*)

### ii.  E&E Silk Craft

37.    On or about April 14, 2025, an undercover investigator retained by Plaintiff visited Defendant E&E's store in downtown Los Angeles (located at 645 S. Los Angeles St. Los Angeles, CA 90014) to investigate whether E&E was selling ribbons copying Plaintiff's protected Graduation-Themed Ribbon designs. Attached hereto as **Exhibit "E"** are the investigator's findings and photographs from this investigation documenting Defendants' infringement.

TROJAN LAW OFFICES
BEVERLY HILLS

38.     Upon entering the store, the investigator observed a prominent display infringing graduation-themed ribbons that were substantially similar to Plaintiff's protected designs. Specifically, at the entrance of E&E's store, a large shelf showcased multiple rolls of (1) ribbons containing identical graduation cap designs arranged with stylized text in a substantially similar repeating layout nearly identical to Plaintiff's "I Graduated" Ribbon; (2) ribbons containing a virtually identical reproduction of Plaintiff's "Class of" Ribbon, featuring a repeating pattern of the vertically stacked "CLASS OF" text above a gold "2025" positioned between an identical graduation cap and confetti-shaped illustration above and an identical rolled diploma illustration below; and (3) ribbons containing a substantially similar imitation of Plaintiff's "Repeating Cap" Ribbon, replicating the identical horizontal pattern of solid graduation cap silhouettes viewed from various angles surrounded by the identical selection of floating stars, diamonds, streamers, and asterisk-shaped bursts. (*See* **Exhibit "E"**). In addition, the infringing products were showcased in the store's front window display. *See Id*.

39.     The investigator initiated a purchase of several of the infringing ribbons. A female sales employee (who identified herself as "Lo An" believed to be Defendant Loan Banh) assisted with the sale. The investigator purchased an assortment of the graduation ribbons, paying approximately $65.00. (*See* **Exhibit "E"**).

40.     The employee generated an itemized purchase order/receipt for the sale, and signed a "dummy" purchase order prepared and presented to her by the

investigator, thereby documenting E&E's sale of the specific infringing items. (*See* **Exhibit "E"**)

### iii. Trim In The Box

41.     On or about April 28, 2025, an undercover investigator retained by Plaintiff visited Trim in the Box's store in Los Angeles (located at 820 Maple Ave, Los Angeles, California 90014) to investigate reports that Trim in The Box was selling Plaintiff's ribbon designs. Attached hereto as **Exhibit "F"** are the investigator's findings and photographs from this investigation documenting Defendants' infringement.

42.     The investigation revealed that Trim In The Box was indeed offering for sale multiple Graduation-Themed Ribbons bearing substantially similar designs to Plaintiff's protected designs.

43.     Upon entering the store, the investigator asked a store employee (a woman who identified herself as "Terry") for assistance purchasing graduation-themed ribbons.

44.     The employee directed the investigator to the front counter area, where he observed several rolls of infringing merchandise on display including, (1) ribbons containing identical graduation cap designs arranged with stylized text in a substantially similar repeating layout nearly identical to Plaintiff's "I Graduated" Ribbon; and (2) ribbons containing a virtually identical reproduction of Plaintiff's "Class of" Ribbon, featuring a repeating pattern of the vertically stacked "CLASS

TROJAN LAW OFFICES
BEVERLY HILLS

OF" text above a gold "2025" positioned between an identical graduation cap and confetti-shaped illustration above and an identical rolled diploma illustration below; (*See* **Exhibit "F"**).

45.     The employee informed the investigator that Trim In The Box currently had only three rolls of the graduation ribbons in stock at the store, but that larger quantities could be ordered on a one-day turnaround from their warehouse.

46.     The investigator proceeded to purchase the three available rolls for a total of $35.00. The employee provided a receipt and an itemized list of the items purchased via a purchase order form. (*See* **Exhibit "F"**).

### d. Defendants' Infringement Was Knowing and Willful

47.     Defendants' infringement of Plaintiff's designs was and continues to be willful. Each Defendant knew or, at a minimum, recklessly disregarded that the ribbon designs they were copying and selling were created by Plaintiff and protected by copyright.

48.     Following the above-mentioned investigations, Plaintiff (through counsel) sent a ceased and desist letter to Van Long and E&E on April 27, 2025, and Trim In The Box on May 2, 2025 demanding that each Defendant immediately cease all sales of infringing ribbons. Attached hereto as **Exhibit "G"** are true and correct copies of those Cease and Desist Letters.

49.     On or about May 1, Ken Banh replied on behalf of Van Long via email. Attached hereto as **Exhibit "H"** is a true and correct copy of said email. In his email,

TROJAN LAW OFFICES
BEVERLY HILLS

Ken Banh claimed that he was not aware of any of Plaintiff's products until that day and agreed to cease and desist from further production and sale of the infringing ribbons. *See Id.* This is false. Van Long was, in fact, a former customer of Plaintiff who purchased Plaintiff's goods on numerous occasions prior to the events giving rise to this lawsuit.

50.    Furthermore, despite this promise to cease and desist from further infringement, as of the filing of this complaint, the link to Defendant Van Long's online catalogue containing the infringing merchandise is still fully active. (*See* **Exhibit "C"** (showing a date of access of November 25, 2025)). Thus on information and belief, Van Long continues to offer for sale and sell infringing merchandise and thus continues to willfully infringe Plaintiff's rights.

51.    On May 11, 2025, Defendant Juan Gonzalez, who is believed to be the owner/manager of Defendant Trim In The Box responded to Plaintiff's cease and desist letter via email on May 11, 2025. Attached hereto as **Exhibit "I"** is a true and correct copy of that email. In that email, Juan Gonzalez. falsely denied that his store had ever sold ribbons with any print, design, or marking. (*See* **Exhibit "I"**). This is directly contradicted by the evidence obtained just two weeks prior, where Trim In The Box's employee sold Plaintiff's investigator the infringing printed ribbons over the counter. (*See* **Exhibit "F"**).

52.    In addition, Trim In The Box was also a former customer of Plaintiff, which Juan Gonzalez acknowledged in his email response. (*See* **Exhibit "I"**). In fact,

TROJAN LAW OFFICES
BEVERLY HILLS

prior to these events, Trim In The Box had contacted Plaintiff via text message and sent a photo of one of Plaintiff's genuine ribbon products (with Plaintiff's "LUV Ribbons" brand name deliberately obscured) asking if Plaintiff could supply that ribbon without Plaintiff's branding. Attached hereto as **Exhibit "J"** is a true and correct copy of this text message exchange. This demonstrates that Trim In The Box not only had access to Plaintiff's products, but was seeking to sell those designs as if they were unbranded or its own.

53.     Similarly, Defendant E&E was also a prior customer who purchased Plaintiff's goods on numerous occasions prior to the events giving rise to this lawsuit.

54.     In Sum, Defendants were prior customers of Plaintiff and purchased products from Plaintiff in the past. Consequently, each Defendant had actual knowledge of Plaintiff's designs and rights prior to their infringing acts. Furthermore, Defendants were put on actual notice of their infringement no later than their receipt of Plaintiff's cease and desist letters.

55.     On information and belief, Defendants have persisted in their infringing conduct despite actual notice and Defendants continue to offer for sale and sell the Infringing Products to this day. Significantly, Defendants continued their infringing sales throughout the peak graduation season of 2025, which represents the period of highest demand and profitability for graduation-themed ribbon products. Despite receiving cease and desist demands in late April and early May 2025—prior to the height of graduation season—Defendants deliberately chose to continue selling the

infringing products during this critical commercial period to maximize their unlawful profits, causing Plaintiff substantial harm during its most important selling season of the year.

56.    On information and belief, each of the Individual Defendants not only authorized the infringement through their companies, but continued to knowingly authorize and facilitate the violations even after being served with explicit cease-and-desist notices.

57.    Their decision to continue selling the Infringing Products, renders their subsequent acts of infringement willful within the meaning of 17 U.S.C. § 504(c)(2), entitling Plaintiff to enhanced statutory damages.

**e.    Defendants Operate as a Coordinated Distribution Network to Flood the Market with Infringing Products**

58.    On information and belief, the striking similarities in the Defendants' products, and conduct suggest these willful acts are not isolated incidents, but part of a coordinated effort to flood the market with cheaper copies of Plaintiff's distinctive designs, undercutting Plaintiff's prices and usurp Plaintiff's customer base.

59.    Plaintiff's investigation revealed that Van Long, E&E, and Trim In The Box offered for sale and sold the exact same infringing ribbon designs. The Infringing Products received from Van Long and E&E even share the same "item no." codes "A8-078" and "A8-112" (*See* **Exhibit "F"** and **Exhibit "E"**).

60.    On information and belief, Van Long and E&E function as a unified

TROJAN LAW OFFICES
BEVERLY HILLS

upstream supply source of the infringing ribbon products. On information and belief, Defendant Quoc "Ken" Banh of Van Long and Defendant Loan Banh of E&E are siblings who have long worked together in the ribbon import and sales trade. Van Long, operated by Ken Banh, focuses on importing large quantities of ribbon from overseas and wholesaling them outside Southern California while referring local buyers to E&E.

61.    This cooperative arrangement was confirmed when a prospective "wholesale" buyer (working with Plaintiff) contacted Van Long in 2025. Ken Banh declined to sell directly and referred the buyer to E&E for local southern california fulfillment.

62.    Thus, on information and belief, Van Long and E&E operate in concert, sharing inventory or coordinating supply in a complementary distribution network while E&E, in turn, supplies smaller retailers such as Trim In The Box.

63.    Both E&E and Trim are located in the same ZIP code in downtown Los Angeles (90014). During the investigation, Trim's employee told Plaintiff's investigator that additional stock of the infringing ribbons could be made available "tomorrow from our warehouse," a statement that strongly implies that Trim sources from a nearby supplier with ready inventory.

64.    Given the geographic proximity and identicality of their goods, On information and belief, that nearby supplier is E&E.

65.    Accordingly, Plaintiff alleges that these Defendants form a unified

-19-

TROJAN LAW OFFICES
BEVERLY HILLS

distribution chain. Van Long imports the infringing goods and directs local traffic to E&E; E&E serves as the local inventory hub; and Trim In The Box obtains its infringing ribbon supply directly from E&E, completing the network. Each Defendant knowingly participates in this scheme to profit from the theft of Plaintiff's intellectual property.

**f.  Defendants' Conduct Has Caused Substantial and Irreparable Harm to Plaintiff's Business and Market Position**

66.    Plaintiff has suffered, and continues to suffer, substantial harm as a result of Defendants' conduct.

67.    Each infringing copy, duplication, or sale of the Graduation-Themed Ribbons constitutes a separate claim against Defendants under the Copyright Act. Plaintiff has sustained, and will continue to sustain, substantial damage in that Defendants' infringing acts will continue to diminish the revenues that Plaintiff would otherwise receive. In addition, Defendants have realized unlawful and unjust profits from their infringement of Plaintiff's protected designs.

68.    Furthermore, Defendants' sale of copies often below Plaintiff's price point has eroded the market value of the "LUV Ribbons" brand and forced Plaintiff to compete against its own stolen designs. Defendants' decision to continue these infringing sales throughout the entirety of the peak 2025 graduation season—despite receiving notice of infringement beforehand—inflicted maximum financial harm on Plaintiff during the most lucrative period for graduation ribbon sales.

TROJAN LAW OFFICES
BEVERLY HILLS

69.    Moreover, As described above, Plaintiff's Graduation-Themed Ribbons serve as anchor products that drive the sale of Plaintiff's other inventory. When Defendants usurp the market for the graduation ribbons through infringement, Plaintiff not only loses sales of those specific ribbon rolls, but also loses the complementary "convoy" sales that normally accompany them. In other words, each sale that Defendants make of an infringing graduation ribbon roll often means a lost sale for Plaintiff of that ribbon plus additional related products. This results in an exponential loss of business for Plaintiff beyond just the infringed items.

70.    Consequently, Defendants' actions have caused substantial monetary loss and irreparable injury to Plaintiff's business in an amount to be determined.

71.    On information and belief, Defendants continue to infringe Plaintiffs Protected Designs and unless preliminarily and permanently enjoined by Order of this Court, will continue to infringe said copyrights, all to Plaintiff's irreparable injury. As a result of Defendants' acts of infringement, Plaintiff is without an adequate remedy at law unless injunctive relief is granted.

## V. FIRST CAUSE OF ACTION

### (Copyright Infringement Against All Defendants)

72.    Plaintiff re-alleges and hereby incorporates by reference the allegations contained in paragraphs 1 through 71 above as though fully set forth herein.

73.    Plaintiff is the owner of the '108 Copyright Registration for its Graduation-Themed Ribbons. These works are registered with the U.S. Copyright

Office under Registration No. VAu 1-486-108. The effective date of registration predates the infringing acts alleged herein thereby entitling Plaintiff to all available remedies under the Copyright Act.

74.    Without authorization from Plaintiff, Defendants have reproduced, imported, distributed, and sold products bearing artistic designs and expression that is substantially similar (indeed nearly identical) to Plaintiff's protected Graduation-Themed Ribbons. and any minor variations between are insubstantial and do not transform Defendants' copying of Plaintiff's protected expression.

75.    Defendants did not seek, and Plaintiff has never authorized Defendants to copy any part of its protected designs or to create derivative works based on those designs.

76.    Defendants did not independently create the infringing ribbon designs. Defendants' Infringing Products  were copied from Plaintiff's works as evidenced by the striking similarity of the products coupled with Defendants' prior access to Plaintiff's protected designs.

77.    By their actions, Defendants have infringed, and are infringing on the '108 Registration in violation of 17 U.S.C. § 501 and infringing Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*.

78.    Defendants' conduct has at all times been knowing, willful, and with complete disregard to Plaintiff's rights.

79.    Defendants knew or had reason to know that their conduct was

TROJAN LAW OFFICES
BEVERLY HILLS

infringing, yet they persisted in the unlawful infringement of Plaintiff's works, even after receiving direct notice to cease and desist.

80.    As a result of Defendants' infringing conduct, Plaintiff has suffered and continues to suffer substantial damages to its business in an amount to be established at trial.

81.    By reason of the foregoing, Plaintiff is entitled to recover actual damages and disgorgement of Defendants' profits attributable to their infringement under 17 U.S.C. § 504, all in an amount to be proven at trial. In the alternative, and at the election of Plaintiff, Plaintiff is entitled to recover statutory damages up to $150,000 per work infringed under 17 U.S.C. § 504.

82.    Because Defendants' acts of infringement have been and continue to be willful, intentional, and committed in conscious disregard of Plaintiff's rights, Plaintiff is entitled under 17 U.S.C. § 504(c)(2) to enhanced damages.

83.    By reason of the foregoing, Plaintiff is also entitled to the impounding and destruction of all infringing articles under 17 U.S.C. § 503

84.    As a result of Defendants' acts of copyright infringement, Plaintiff has suffered and will continue to suffer irreparable injury for which there is no adequate remedy at law. Unless and until Defendants' unlawful conduct is enjoined, Plaintiff will be irreparably harmed by the continued infringement of its creative designs. Plaintiff is therefore entitled to permanent injunctive relief pursuant to 17 U.S.C. § 502, restraining Defendants and all persons acting in concert with them from any

further acts of copyright infringement.

85.    Defendants' coordinated conduct in importing, distributing, and selling the infringing products as part of a unified scheme renders them jointly and severally liable for all damages and subject to injunctive relief resulting from their direct infringement of Plaintiff's copyrighted works. Each Defendant acted in concert as part of this common plan, and accordingly, all Defendants are collectively responsible for the full extent of Plaintiff's injuries under this cause of action.

## VI.   SECOND CAUSE OF ACTION

### (Contributory Copyright Infringement Against All Defendants)

86.    Plaintiff re-alleges and hereby incorporates by reference the allegations contained in paragraphs 1 through 85 above as though fully set forth herein.

87.    Defendants Van Long, E&E, and Juan Gonzalez d/b/a Trim In The Box Merceria have directly infringed Plaintiff's copyrighted Graduation-Themed Ribbons protected by the '108 Registration.

88.    With knowledge of the infringement, Defendants have induced, caused, or materially contributed to, the infringing conduct of others, such that they should be found to be contributorily liable

89.    As a result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial damages to its business in an amount to be established at trial.

90.    By reason of the foregoing, Plaintiff is entitled to recover actual damages and disgorgement of Defendants' profits attributable to their  infringement

under 17 U.S.C. § 504, all in an amount to be proven at trial. In the alternative, and at the election of Plaintiff, Plaintiff is entitled to recover statutory damages up to $150,000 per work infringed under 17 U.S.C. § 504

91.    Because Defendants' conduct has been and continue to be willful, intentional, and committed in conscious disregard of Plaintiff's rights, Plaintiff is entitled under 17 U.S.C. § 504(c)(2) to enhanced damages.

92.    By reason of the foregoing, Plaintiff is also entitled to the impounding and destruction of all infringing articles under 17 U.S.C. § 503

93.    As a result of Defendants' conduct, Plaintiff has suffered and will continue to suffer irreparable injury for which there is no adequate remedy at law. Unless and until Defendants' unlawful conduct is enjoined, Plaintiff will be irreparably harmed by the continued infringement of its creative designs. Plaintiff is therefore entitled to permanent injunctive relief pursuant to 17 U.S.C. § 502, restraining Defendants and all persons acting in concert with them from any further acts of copyright infringement.

## VII.  THIRD CAUSE OF ACTION

## (Vicarious Copyright Infringement Against Quoc Banh, and Loan Banh)

94.    Plaintiff re-alleges and hereby incorporates by reference the allegations contained in paragraphs 1 through 93 above as though fully set forth herein.

95.    Defendants Van Long, and E&E, have directly infringed Plaintiff's copyrighted Graduation-Themed Ribbons protected by the '108 Registration. Each

of the individual Defendants identified herein was, at all relevant times, the principal, owner, officer, and/or manager of their respective corporate entity, and each individual Defendant had the right and ability to supervise, oversee, or control the infringing activities of their company, as well as a direct financial interest in those infringing activities.

96.     Accordingly, each of the individual Defendants is vicariously liable for the copyright infringement committed by the company he or she controlled. Each is jointly and severally liable with their respective corporate entity for the infringement of Plaintiff's copyrighted Graduation-Themed Ribbons.

97.     As a result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial damages to its business in an amount to be established at trial.

98.     By reason of the foregoing, Plaintiff is entitled to recover actual damages and disgorgement of Defendants' profits attributable to their infringement under 17 U.S.C. § 504, all in an amount to be proven at trial. In the alternative, and at the election of Plaintiff, Plaintiff is entitled to recover statutory damages up to $150,000 per work infringed under 17 U.S.C. § 504

99.     Because Defendants' conduct has been and continue to be willful, intentional, and committed in conscious disregard of Plaintiff's rights, Plaintiff is entitled under 17 U.S.C. § 504(c)(2) to enhanced damages.

100.    By reason of the foregoing, Plaintiff is also entitled to the impounding and destruction of all infringing articles under 17 U.S.C. § 503

TROJAN LAW OFFICES
BEVERLY HILLS

101.    As a result of Defendants' conduct, Plaintiff has suffered and will continue to suffer irreparable injury for which there is no adequate remedy at law. Unless and until Defendants' unlawful conduct is enjoined, Plaintiff will be irreparably harmed by the continued infringement of its creative designs. Plaintiff is therefore entitled to permanent injunctive relief pursuant to 17 U.S.C. § 502, restraining Defendants and all persons acting in concert with them from any further acts of copyright infringement.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

a.    A preliminary and permanent injunction prohibiting Defendants and their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any one of them, from directly or indirectly infringing, or causing, enabling, facilitating, encouraging, promoting, inducing, and/or participating in the infringement of Plaintiff's rights protected by the Copyright Act;

b.    That Defendants be adjudged to have violated 17 U.S. Code § 501, *et seq.*, by infringing Plaintiff's copyrights alleged herein;

d.    An award of damages pursuant to 17 U.S.C. § 501 *et seq.*, including actual damages and Defendants' profits in an amount to be proven at trial or in the alternative, at Plaintiff's election, statutory damages for infringement of each separate copyright as set forth in 17 U.S.C. § 504;

TROJAN LAW OFFICES
BEVERLY HILLS

e.      Enhanced or increased damages under 17 U.S.C. § 504(c).

f.      For an award of attorneys' fees pursuant to 17 U.S.C. § 505

g.      For an award of costs under 17 U.S.C. § 505 or as otherwise provided by law;

g.      Plaintiff is entitled to impounding and disposition of the infringing websites under 17 U.S. Code § 503.

h.      Pre-judgment interest and post-judgment interest in the maximum amount permitted by law; and

l.      Any and all other relief that the Court deems proper.

## IX.   DEMAND FOR JURY TRIAL:

Plaintiff hereby exercises its right to a jury trial under the Seventh Amendment to the United States Constitution and hereby demands a jury trial in accordance therewith.

Respectfully submitted,

TROJAN LAW OFFICES, P.C.

By:

Dated: November 25, 2025        /s/R. Joseph Trojan
                        R. Joseph Trojan
                        Dylan C. Dang
                        Alexander D. Mazzeo

Attorneys for Plaintiff
*Coshima USA Import, Inc., d/b/a Creative Ideas*